IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MURAT OZTURK,  )
                                            )    2:10-cv-01532-GEB-EFB
        Petitioner,  )
                                            )
    v.  )  ORDER
                                            )
ZYNEP BANU OZTURK,  )
                                            )
        Respondent.  )
_____)

        A status conference was scheduled to commence at 9:00 a.m. on September 13, 2010, at the parties' request. (Status Order 3:20-26, ECF No. 16.) The Order scheduling the status conference required the parties to file a joint status report no later than seven days prior to the status conference addressing whether the status conference is necessary, and if so, the issues the parties seek to have addressed. Id. Since the parties did not timely file a joint status report, the status conference was vacated. (Minute Order, ECF No. 20.)

        The parties subsequently filed an untimely Second Joint Pretrial Conference Statement ("JPS") on September 8, 2010, asking for "preliminary ruling[s]" on a number of issues.

**A.   Turkish Interpreter/Translator**

        The parties state in the JPS that they "have investigated the availability of Turkish interpreters in Northern California." The three potential interpreters are "registered," but not "certified." (JPS 2:3-

6.) "The parties request a preliminary ruling from the court regarding the court's acceptance of . . . [a] 'registered interpreter.'" Id. at 2:10-12.

The use of interpreters in a civil case is governed by Federal Rule of Evidence ("FRE") 604. Should either party object to the qualifications of a proposed interpreter, they shall raise their objections in a motion in limine. Similarly, if a party objects to a written translation of a Turkish document, they shall timely file an objection to the exhibit(s).

**B.    Remote Testimony**

Each party seeks permission for "witnesses to testify remotely" under Federal Rule of Civil Procedure ("FRCP") 43(a). (JPS 3:10-11.) The parties previously discussed this issue during the August 9, 2010 status conference and indicated they would investigate what technology was available in Turkey to permit audio-visual testimony, and would use audio if audio-visual testimony could not be arranged. In light of what was discussed and indicated, it is unclear what ruling is requested and why a proposed order containing that ruling was not filed. Each party has the obligation to make the necessary arrangements for the remote testimony of his or her witness appearing through a remote medium, and to satisfy any standard applicable to remote appearance.

The parties also indicate that the judge should ensure a remote appearance medium is effective prior to trial by arranging a rehearsal on the effectiveness of that medium. The party desiring a "rehearsal . . . so that [a remote] connection can be tested" with the Court's Telecom Systems Administrator is responsible for making necessary arrangements with Andre Carrier, or any other court personnel involved.

1  Further, the parties are notified that regardless of the type of
2 remote testimony permitted, the oath will be administered by the
3 courtroom deputy.
4
Dated: September 10, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge

3